United States District Court
Southern District of Texas

**ENTERED**

July 09, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

BETH JACKLYN HALTER, §
　　*Plaintiff,* §
 §
v. § Civil Action No.: 4:22-cv-1659
 §
BEAUTY BASICS, INC., §
　　*Defendant.* §

## MEMORANDUM AND RECOMMENDATION

The Court entered a Final Default Judgment against Defendant Beauty Basics, Inc. on June 16, 2023.[1]  ECF 27.  Now, more than two years later, ***Plaintiff*** has filed an Unopposed Motion to Set Aside Default Judgment.[2]  ECF 28.  Reluctantly, the Court recommends that Plaintiff's Motion be granted and this case be reopened.

The Court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 10.

[2] The Motion states that because it was Plaintiff's counsel's mistake, Plaintiff is "in the highly unusual circumstance of seeking relief for the defendant, which has not as of yet entered an appearance in this case."  ECF 28 at 3.

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  A Rule 60(b) Motion must be brought within a "reasonable time," but motions based on reasons 1-3 must be brought within one year.  FED. R. CIV. P. 60(c).  A motion may be brought under Rule 60(b)(6) only when none of the reasons listed in Rule 60(b)(1)-(5) are applicable.  *See J.V. by Vega v. Brownsville Indep. Sch. Dist.*, No. 23-40474, 2024 WL 1855430, at *4 (5th Cir. Apr. 29, 2024) (holding "[t]he categories of relief under Rule 60 are mutually exclusive from one another, meaning that an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections." (citation omitted)).  A district court's decision whether to grant a Rule 60(b) motion is reviewed for abuse of discretion.  *Id*. at 3.

Plaintiff moves to set aside the default judgment and reopen this case because counsel, despite his representations to the Court (ECF 8, 15, 22), including in a sworn Declaration (ECF 15-1), failed to serve Defendant.  ECF 28.  Plaintiff provides no explanation for his failure but concedes that he served Corporation Trust Company instead of Defendant's actual registered agent, Corporation Service Company.  *Id.*  Counsel for Defendant contacted Plaintiff's counsel and informed him of the error on June 30, 2025, after learning of attempts to collect on the Default Judgment.  *Id.* at 2.  Although Plaintiff expressly cites Rule 60(b)(6) as the basis for the Motion (ECF 28 at 1, 2), "when a district court lacks jurisdiction over a defendant

because of lack of service of process, the default judgment is void and must be set aside under Rule 60(b)(4)." *Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410, 412 (5th Cir. 1998).

For the reasons state above, the Court RECOMMENDS that Plaintiff's Motion to Set Aside Default Judgment (ECF 28) be GRANTED, the Final Default Judgment entered June 16, 2023 be VACATED, and this case be REOPENED for further proceedings. The Court further RECOMMENDS that Plaintiff be ordered to file proof of proper service within 14 days of an Order Adopting this Memorandum and Recommendation.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 09, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge